**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

| | | |
|---|---|---|
| ANHEUSER-BUSCH, LLC | ) | |
| | ) | |
| Petitioner | ) | No. 26-60482 |
| | ) | |
| v. | ) | |
| | ) | Board Case No. |
| NATIONAL LABOR RELATIONS BOARD | ) | 12-CA-094114 |
| | ) | |
| Respondent | ) | |

**MOTION TO TRANSFER VENUE**
**ON BEHALF OF THE NATIONAL LABOR RELATIONS BOARD**

To the Honorable, the Judges of the United States
 Court of Appeals for the Fifth Circuit:

The National Labor Relations Board ("the Board"), by its Deputy Associate

General Counsel, respectfully moves to transfer the petition for review of the

Board's Supplemental Decision and Order in this matter to the U.S. Court of

Appeals for the Eleventh Circuit. The Eleventh Circuit previously vacated and

remanded, with instructions, the Board's original order in this case. Transferring

the case back to the original appellate court is warranted to promote judicial

economy and to ensure continuity in the overall proceedings. In support of its

transfer motion, the Board shows as follows:

1. On December 3, 2012, former Anheuser-Busch employee Matthew C.

Brown filed an unfair-labor-practice charge with the Board's Region 12 in Tampa,

Florida, alleging that Anheuser-Busch violated the National Labor Relations Act,

1

29 U.S.C. §§ 151, et seq. ("the Act"). Brown's charge alleged that Anheuser-Busch effected an unlawful unilateral change when it filed a motion to compel arbitration in Brown's employment-discrimination lawsuit pending in the U.S. District Court for the Middle District of Florida. Specifically, Brown's charge alleged that Anheuser-Busch unilaterally applied a new arbitration policy for employees at its Jacksonville, Florida facility without first having bargained with the union representing those employees, International Brotherhood of Teamsters Local 497 ("the Union"). The Board's General Counsel found merit to the charge and issued an unfair-labor-practice complaint against Anheuser-Busch. The Union participated in the Board proceedings as a party-in-interest.

2. On May 22, 2019, the Board issued a Decision and Order, reported at 367 NLRB No. 132, dismissing the unfair-labor-practice complaint and concluding that it was precluded by the Petition Clause of the First Amendment and by the Supreme Court's opinion in *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731 (1983), from finding that Anheuser-Busch's legal filing constituted an unfair labor practice. 367 NLRB No. 132, 2019 WL 2232899, at *3-7. The Board concluded that the exception outlined in *Bill Johnson's* for legal filings with an "illegal objective" could not apply because Anheuser-Busch's motion was not filed in service of some separate, unlawful "underlying act." *Id.* at *5. The Union filed a petition for review of the Board's Order with the U.S. Court of Appeals for the

Eleventh Circuit.  Brown intervened in support of the Union, and Anheuser-Busch intervened in support of the Board.

3.  On May 3, 2023, the Eleventh Circuit issued an opinion granting the Union's petition for review, vacating the Board's decision, and remanding the case to the Board for further consideration, with instructions.  *Int'l Bhd. of Teamsters Local 947 v. NLRB*, 66 F.4th 1294, 1317 (11th Cir. 2023).  The court held that the Board's requirement of a separate "underlying act" constituted a novel gloss on established precedent, and that the Board had applied "an erroneously narrow standard" for determining whether Anheuser-Busch's motion to compel arbitration had an illegal objective.  *Id.* at 1296.  The court held that the proper question under the illegal-objective exception to the *Bill Johnson's* framework is "whether the ruling that the litigant seeks before a court or the Board is one that, if granted by the decisionmaker, would violate [the Act]."  *Id.* at 1310.  Accordingly, the court instructed the Board to limit its inquiry on remand to determining "whether the outcome sought by Anheuser-Busch's motion [to compel arbitration] … would violate [the Act]," and, if so, to determining the appropriate relief.  *Id.* at 1317.

4.  On June 12, 2026, the Board issued a Supplemental Decision and Order, reported at 374 NLRB No. 133, accepting the Eleventh Circuit's opinion as the law of the case and finding that Anheuser-Busch's motion to compel arbitration sought to implement an unlawful unilateral change to employees' terms and conditions of

3

employment, in violation of the Act. 374 NLRB No. 133, 2026 WL 1733296, at *4-6. The Board found that Anheuser-Busch therefore committed an unfair labor practice, and the Board ordered Anheuser-Busch, inter alia, to withdraw the relevant portion of its motion to compel arbitration. *Id.* at *7.

5. On June 18, Anheuser-Busch filed a petition for review of the Board's Supplemental Decision and Order with this Court.

6. Brown's employment-discrimination lawsuit remains pending in the Middle District of Florida, but has been stayed since 2013 pending a final resolution of the unfair-labor-practice litigation. *See* Consent Notice, *Brown v. Anheuser-Busch, LLC*, No. 3:12-CV-00365 (M.D. Fla. June 26, 2026); Order, *Brown v. Anheuser-Busch, LLC*, No. 3:12-CV-00365 (M.D. Fla. June 26, 2023).

7. This Court possesses the inherent authority to transfer a petition for review of an agency order to another court of appeals on equitable grounds. *Tenneco Oil v. EPA*, 592 F.2d 897, 900 (5th Cir. 1979); *accord Heartland Plymouth Court MI, LLC v. NLRB*, 838 F.3d 16, 26 n.8 (D.C. Cir. 2016); *Farah Mfg. Co. v. NLRB*, 481 F.2d 1143, 1145 (8th Cir. 1973). In evaluating whether transfer is warranted, "one factor that has considerable weight … is the desirability of transfer to a circuit whose judges are familiar with the background of the controversy through review of the same or related proceedings." *Buckeye Partners LP v. FERC*, No. 22-60100, 2022 WL 1528311, at *1 (5th Cir. May 13, 2022).

That is particularly true "where the same … proceeding was previously under review in a court of appeals, and is now brought for review of an order entered after remand." *Id.* Transfer to "the original appellate court" in such circumstances is "necessary to maintain continuity in the total proceeding." *Id.*

8. Transfer to the Eleventh Circuit is warranted here in the name of judicial economy and to ensure continuity with the prior review proceedings. The judges of the Eleventh Circuit have "already passed on some controversies" between the parties, and are already familiar with the facts of the case and the underlying agency record. *Buckeye Partners*, 2022 WL 1528311, at *2 (quoting *Farah Mfg.*, 481 F.2d at 1145); *see Tenneco Oil*, 592 F.2d at 900 (noting appropriateness of transfer in interest of "judicial economy"). Moreover, the Board's Supplemental Decision and Order on remand was limited to answering discrete questions posed by the Eleventh Circuit. Indeed, the Board's analysis is partially predicated on the narrow scope of the remand. For example, in rejecting Anheuser-Busch's invocation of the federal policy favoring arbitration, the Board emphasized that Anheuser-Busch had raised similar arguments to the Eleventh Circuit, and that the court had implicitly rejected those arguments by instructing the Board on remand "to consider only whether [Anheuser-Busch's motion] violated [the National Labor Relations Act]." 374 NLRB No. 133, 2026 WL 1733296, at *5; *see also, e.g., id.* at *5 n.8 (declining to consider Anheuser-Busch's argument that the Eleventh

Circuit relied on inapposite caselaw, and noting that the Board was "bound by the Eleventh Circuit's decision that clearly answered the question that [Anheuser-Busch] seeks to relitigate").

In addition, this case concerns the lawfulness of a legal filing made by Anheuser-Busch in a district-court lawsuit that remains pending in the Middle District of Florida, within the jurisdiction of the Eleventh Circuit. The possibility of appellate review of interrelated rulings in that proceeding further counsels in favor of transferring this proceeding to the Eleventh Circuit.

9. This Court has transferred petitions for review in similar circumstances. For example, in *United Parcel Service, Inc.*, 372 NLRB No. 158, 2023 WL 8116968 (Nov. 21, 2023), the Board issued a supplemental decision and order on remand from the U.S. Court of Appeals for the Third Circuit, which had partially vacated the Board's original order and remanded for further analysis. After the respondent filed a petition for review of the supplemental decision with this Court, the Court reasonably granted an opposed motion to transfer the petition back to the Third Circuit. Order, *United Parcel Serv., Inc. v. NLRB*, No. 23-60612 (5th Cir. Jan. 19, 2024). Transfer to the original appellate court is equally warranted here.

10. Pursuant to Circuit Rule 27.4, Board counsel has contacted counsel for Anheuser-Busch. Anheuser-Busch opposes the Board's motion and intends to file a response.

WHEREFORE, the Board respectfully requests that the Court transfer

Anheuser-Busch's petition for review in this matter to the Eleventh Circuit.

Respectfully submitted,

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
National Labor Relations Board
1015 Half Street, S.E.
Washington, D.C. 20570
(202) 273-2960

Dated at Washington, D.C.,
 this 1st day of July, 2026

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

| | | |
|---|---|---|
| ANHEUSER-BUSCH, LLC | ) | |
| | ) | |
| Petitioner | ) | No. 26-60482 |
| | ) | |
| v. | ) | |
| | ) | Board Case No. |
| NATIONAL LABOR RELATIONS BOARD | ) | 12-CA-094114 |
| | ) | |
| Respondent | ) | |

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the Board certifies that its motion contains 1,329 words of proportionally-spaced, 14-point type, and that the word processing system used was Microsoft Word 365. The Board further certifies that the PDF file submitted to the Court has been scanned for viruses using Microsoft Defender and is virus-free according to that program.

Respectfully submitted,

/s/ Ruth E. Burdick
Ruth E. Burdick
Deputy Associate General Counsel
National Labor Relations Board
1015 Half Street, S.E.
Dated at Washington, D.C.    Washington, D.C. 20570
this 1st day of July, 2026    (202) 273-2960

8

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

ANHEUSER-BUSCH, LLC )
)
        Petitioner )    No.  26-60482
)
        v. )
)    Board Case No.
NATIONAL LABOR RELATIONS BOARD )    12-CA-094114
)
        Respondent )

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2026, I electronically filed the foregoing

document with the Clerk of the Court for the United States Court of Appeals for

the Fifth Circuit using the CM/ECF system.  I certify that the foregoing document

will be served via the CM/ECF system on all parties or their counsel of record.

                  Respectfully submitted,

                  /s/ Ruth E. Burdick
                  Ruth E. Burdick
                  Deputy Associate General Counsel
                  National Labor Relations Board
                  1015 Half Street, S.E.
Dated at Washington, D.C.       Washington, D.C. 20570
 this 1st day of July, 2026      (202) 273-2960